**In re EXTENDED AREA TELEPHONE SERVICE, HOMESTEAD AND MIAMI.**
No. 8294-TP.

Florida Public Service Commission.

November 2, 1965.

The following commissioners participated in the disposition of this matter — EDWIN L. MASON, Chairman, JERRY W. CARTER and WILLIAM T. MAYO.

BY THE COMMISSION.

On October 7, 1963, in the South Dade Council of the Miami-Dade County Chamber of Commerce a committee was formed and designated as the "Telephone Committee" of said council. The membership of the committee was composed of outstanding civic leaders, public officials, business and professional men, with Mr. Irving Peskoe as chairman. The broad, general purpose of the committee was to bring about, if possible, the elimination of telephone toll charges between Homestead and Miami. More recently, this group has become known as the Committee to Ex-Toll Homestead and the Redlands. The efforts of this group are supported by the city councils of Homestead and Florida City through the adoption of appropriate resolutions.

For many months after its organization the committee negotiated with Southern Bell Telephone and Telegraph Company in an effort to attain its objective. Many conferences were held with representatives of the telephone company, and cost studies were made by qualified technicians of the utility. However, all negotiations proved fruitless when the telephone company concluded that the project could not be considered feasible because of the extreme cost of providing the service. As a result, the matter has been brought to this commission by those citizens and

residents of the Homestead and Redlands area of Dade County who are telephone users and who feel that their area in being discriminated against by reason of the presently existing toll charges between it and Miami. In their presentation to the commission, in a recent rate hearing in the city of Miami, the advocates of the proposed extended area service recalled to the commission's attention the fact that by its order BT 221, dated March 19, 1949, in docket no. 1640, the commission had ordered the telephone company, over its vigorous objections, to furnish extended area service which would tie Perrine, a neighboring community in Dade County, into the Miami area with the elimination of toll charges between those areas.

It is the contention of the telephone subscribers in the Homestead and Redlands area, according to the testimony before the commission, that the long distance toll charge constitutes a tremendous drag and barrier to the attainment of the area's economic growth and development potential. There appears to be no disagreement over the fact that the South Dade area in question has shifted from a predominantly rural to an urban society which is rapidly reaching metropolitan status. The contention has been made, without contradiction, that there is a real and necessary community of interest between the two areas. Miami is the seat of county government which exercises jurisdiction over many facets of life in the Homestead and Redlands area of South Dade County. The medical and hospital facilities in Miami are essential to the health, comfort and well-being of residents of the South Dade County area. Homestead lies some twenty-eight miles south of Miami and its residents who are telephone users must pay a toll charge to communicate with friends, business houses, and governmental offices in Miami. On the other hand, subscribers in the Perrine exchange, which lies between Homestead and Miami, have toll-free calling privileges to such Dade County communities as Miami Beach, Northwest Miami, Miami Springs, North Miami Beach, Hialeah, and North Miami, many of which are considerably in excess of twenty-eight miles distant from Perrine.

The telephone company raised the question that the proposed extended service is contrary to the usual or normal arrangement for such service. Normally, extended area service is provided only between adjacent exchanges and Homestead is not adjacent to the Miami exchange. However, it was developed, or pointed out, during the hearing that in at least six instances in Florida, Southern Bell had gone in and provided extended area service

where the exchanges were non-contiguous or non-adjacent. One such instance is between Debary and DeLand which are ten miles apart with the Orange City exchange intervening. Another instance is DeLeon Springs and Orange City which are thirteen miles apart with the DeLand exchange intervening. Deerfield Beach and Fort Lauderdale are fourteen miles apart with the Pompano Beach exchange intervening. DeLand and Pierson are eighteen miles apart with another exchange intervening. Gainesville and High Springs are twenty-two miles apart and each is operated by a different telephone company. Frankly, the short difference in distances does not appear to be impressive.

The telephone company has provided the commission with comprehensive cost figures showing the additional investment necessary to provide the proposed extended area service, as well as the revenue effect of the project. Considerable engineering and construction of telephone plant would be necessary before the service could be provided. In order to provide such extended area service, direct communication paths or circuits must be established between each switching center in the area to be covered by the new service. This would permit any subscriber to call any other subscriber within his new calling scope in the same manner that he now calls other subscribers in his existing exchange area. In order to make this possible, additional switching equipment must be designed and built into each switching center; additional equipment must be installed to assure a good level of transmission; and outside plant cables must be constructed to physically tie the switching centers together. All of this requires not only a considerable period of time, but it also necessitates the expenditure of large sums of capital. The telephone company has estimated that it will have to invest an additional $3,873,000 in order to provide extended area service between Homestead and Miami. The company's study goes on to show that it will incur a net annual loss from this particular operation. However, the study does not show, nor does it attempt to show, that the company's overall earnings would be seriously and adversely affected by such loss; nor does the study show that it would be necessary to increase the rates of its subscribers, generally, throughout the state. The telephone company has advised this commission that the proposed extended service can be made effective not later than September 1967.

Extended area service is not an innovation to this commission or to the state of Florida. It has developed out of a growing dissatisfaction over the restrictive effect of the toll barrier on

necessary and desirable telephone communication between the inhabitants of two areas where there is a compelling community of interest. Toll charges between closely associated exchanges is fast becoming very unpopular with the progressive citizenry in most communities. We have come face-to-face, on many occasions, with an increasing clamor throughout our jurisdiction for even greater extension of toll-free calling privileges. The fact that most such extensions carry some specific increases in rates has had little or no deterring effect on the subscriber demand for the elimination of the nuisance of toll charges for short calls to neighboring areas. Extended area telephone service appears to be the best solution available at the present time to the many problems associated with telephone communication between subscribers in closely associated exchanges in densely populated areas, particularly where the two exchanges are in the same county. Of course, the paramount and controlling question in cases of this kind is whether the extended area service, as proposed, is in the public interest; and, if it is, should the telephone company serving the territory be required to provide such service. We are impressed with the fact that no one has appeared to question that there is a public need for such extended service between Miami and the Homestead-Redlands area of South Dade County. On the contrary, it seems abundantly clear from the entire record before us that there is a real and compelling need for such service, and that the telephone company should be required to provide the same without unreasonable delay.

So long as the presently existing rules of the commission remain in effect, and there is no change in the present exchange grouping plan of the telephone company, the subscribers in the Homestead-Redlands area would fall in the same exchange group as Miami, and pay the same rate, when the extended area service between the two areas becomes a reality and is made available to such subscribers. In the meantime, however, there would be no changes in the rates paid by such subscribers as a result of the proposed extended service.

Based upon the record before us, we make the following findings —

1. The growth of the South Dade County area, the Homestead and Redlands section, has materially increased the community of interest between the residents of that area and those in the nearby city of Miami, the seat of county government. Toll

charges for "long distance" telephone calls between the two areas constitute a continuing nuisance and tend to stifle the social and economic growth of large portions of the county. The institution of extended area service would greatly improve telephone communication service, generally, in the area.

2. There is a public need for extended area telephone service between Homestead and the Redlands area and Miami, and such extended service would be in the public interest.

3. Southern Bell Telephone and Telegraph Company, which provides telephone service throughout Dade County, should be directed and required to proceed without unreasonable delay to institute such extended area telephone service between said areas so that the subscribers in the affected exchanges may avail themselves of the benefits thereof at the earliest possible date.

4. The local exchange rates for each of the exchanges involved in this proceeding, after extended area service becomes available, should be the rates which are applicable for the rate group in which each such exchange falls at the time its local calling scope attains and maintains the required level for the time specified in the commission's regrouping rules, unless otherwise ordered by the commission in appropriate proceedings.

5. The losses which the telephone company estimates it may incur as a result of providing extended area service between Miami and the Homestead-Redlands area of South Dade County, if such losses do in fact materialize, will not, on the basis of the record herein, cause such a reduction in the company's overall earnings as to justify an increase in its rates to subscribers generally.

It is therefore ordered that Southern Bell Telephone and Telegraph Company be and it is hereby directed and required to proceed without delay with the development and implementation of the necessary plans for providing extended area telephone service between the Homestead and Redlands area exchange, and the exchanges serving the Miami area, so that the subscribers of said exchanges may have the benefits of such extended area service at the earliest possible date consistent with the finding in this order but, in no event, not later than September 1967. It is further ordered that said telephone company keep this commission fully informed concerning its progress in carrying out the requirements of this order.